This Commission is charged with a duty of reviewing the facts and circumstances of this case and rendering an independent determination regarding the plaintiff's claim. When considering an appeal from a Deputy Commissioner, the Deputy Commissioner's Findings of Fact are not conclusive, and the Full Commission may make its own determination of the weight and credibility of the evidence. Keel v. M V, Inc., 107 N.C. App. 536 (1962).
First and foremost, Deputy Commissioner Hoag found that because of an apparent lack of credibility on the part of the plaintiff, the plaintiff did not suffer an accident and injury on June 3, 1994. This determination flies in the fact not only of the plaintiff's testimony, but also of the corroborating testimony of other witnesses as well as the objective medical evidence. There can be little question that Mr. Church has repeatedly related the accident of June 3, 1994. Beginning with his recorded statement, his testimony at the hearing, the medical history taken by Dr. Christopher Perry, the plaintiff has consistently related that on June 3, 1994, he stepped into a hole and fell to the ground with a fifty-pound bag of fertilizer on his back. Plaintiff should not be penalized merely because the employer had failed to report a work-related injury, or because plaintiff in good faith kept trying to work for a couple of days after the accident, or he cannot remember events from 10 years ago.
The fact that Blake Church had some prior back problems which by the doctor's testimony were "non-contributory", is simply not germane. The fact remains that he kept working, and was not disabled, until his injury by accident which occurred on June 3, 1994.
Based upon the reasons stated above, I must respectfully DISSENT.
 S/ ______________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 11/12/96